UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,    Case No. 09-13998

    Plaintiff,    David M. Lawson
v.    United States District Judge

CLETAS GREENWOOD,    Michael Hluchaniuk
a/k/a CLETUS GREENWOOD,    United States Magistrate Judge

    Defendant.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANT'S REQUEST FOR HEARING (Dkt. 12)**

The complaint in this matter was filed on October 8, 2009. (Dkt. 1). Plaintiff sought to obtain a judgment against defendant based on the allegation that defendant had failed to pay back a student loan that had been extended to him. Defendant received a summons and copy of the complaint and waived formal service. (Dkt. 3). A consent judgment was entered, pursuant to a stipulation, on October 29, 2009, in the amount of $8,060.37 plus post-judgment interest. (Dkt. 5). Under the terms of the judgment, defendant was to make monthly installment payments of $65.00. However, at some point, defendant did not make the agreed-on payments and plaintiff filed an affidavit of non-compliance on September 15, 2010. (Dkt. 8).

At the request of plaintiff, writs of continuing garnishment were issued against the Michigan Department of Treasury on September 28, 2010. (Dkt. 11). On October 15, 2010, defendant filed a request for a hearing on plaintiff's request for a writ of garnishment. (Dkt. 12). Defendant's *pro se* pleading indicated that he thought it was unfair that he was being held responsible for such a large amount of prejudgment interest although he acknowledged responsibility for the loan. On October 18, 2010, plaintiff filed a response to defendant's request for a hearing. (Dkt. 14).

On October 14, 2010, District Judge David M. Lawson referred defendant's request for a hearing to the undersigned for report and recommendation. (Dkt. 13). Pursuant to that referral, a hearing, via telephone conference, was held on November 24, 2010, pursuant to notice. (Dkt. 16). At that hearing, defendant again acknowledged responsibility for the debt, but claimed that he felt it was unfair to be held responsible for the amount of interest from this 1988 education loan when the government could have taken collection efforts earlier, when he had been working, and, if that had happened, the total amount of the obligation would have been less. Defendant did not indicate that either the amount of the debt, with interest, was incorrect or that there was anything procedurally wrong with the garnishment efforts undertaken by plaintiff. Plaintiff's counsel argued, in response, that a consent judgment had been entered and defendant had not lived up

to the installment payment requirements of the judgment. Thus, plaintiff was legally and factually entitled to execute on the judgment in whatever way that was authorized by law including having writs of garnishment issued for the State of Michigan.

The undersigned concludes that defendant has not identified any impropriety associated with the entry of the consent judgment or the attempts by plaintiff to execute on the judgment. It is unfortunate that defendant has lost his employment, which he identified as the cause of his current inability to make the installment payments called for in the consent judgment, but those circumstances do not prevent plaintiff from taking lawfully appropriate steps to execute on the judgment.

Based on the above, it is **RECOMMENDED** that defendant's objection to the writ of garnishment to the State of Michigan be deemed without merit and he be denied any relief based on those objections. Therefore, the undersigned **RECOMMENDS** that plaintiff be allowed to proceed with collection efforts consistent with requirements of the law and respective garnishee orders should enter as necessary for that purpose.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 29, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

I certify that on November 29, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Charles Holzman, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Cletas Greenwood, 8600 W. 7 Mile Road, Detroit, MI 48221.

                                                                           s/Tammy Hallwood
                                                                           Case Manager
                                                                           (810) 341-7887
                                                                           tammy_hallwood@mied.uscourts.gov